## GILMER v. THE BRANCH BANK AT MOBILE.

1. Where the endorsement of a note is impeached by a plea of *non est factum,* the burden of proof is cast on the plaintiff, and he will not be entitled to a verdict, by merely reading to the jury the note and endorsement, although the defendant did not object to it.

Error to the County Court of Mobile County.

THIS action was commenced by motion, by the defendant in error, against the plaintiff in error, as endorser of a promissory note. The defendant pleaded *non est factum*, which was verified by affidavit.

Upon the trial of the cause, the plaintiff below read the note, on which the action is founded, in evidence, (to which the defendant made no objection,) and proved a protest of the note at maturity, demand, &c., and rested the cause. The defendant offered no evidence. The defendant's counsel asked the court to charge the jury, that upon the evidence, the verdict should be for the defendant, which charge the court refused; to which the defendant below excepted, and now assigns the refusal to charge, as moved for, as error.

CAMPBELL, for plaintiff in error.
GAYLE, contra.

ORMOND, J.—By our statute, a note or other security which is the foundation of a suit, is evidence without proof of the genuineness of the signature of the party thereto, unless that fact is put in issue by a plea verified by affidavit; and when thus put in issue, the burden of proof is cast on the plaintiff. If the reading of the note to the jury, is any evidence of the genuineness of the signature under the statute, then the statute has not accomplished any thing, as it makes the writing evidence of

the debt or duty for which it was given, only when not impeached by a plea, accompanied by an affidavit; and when so impeached, it is not such evidence *per se,* but must be proved, as before the statute.

All this is admitted by the counsel for the defendant in error, who insists that as the note and endorsement were read without objection, it was a waiver on the part of the defendant, of its competency under the issue, to establish the fact in controversy. It is true, that either party may waive an objection to testimony and thus make that competent, which the court on motion would have rejected; but that can only apply when the evidence conduces to prove, or disprove, the issue. There is no obligation on either party to a suit, to object to the introduction of testimony, which has no influence on the question before the jury. That was the case here. The question before the jury, was not whether there was such a note and endorsement,—that was admitted by the pleadings; but, whether the endorsement was made by the defendant or by his authority.

This being the issue, and the plaintiff below holding the affirmative, he was not entitled to a verdict, without proof conducing to show, that the signature of the defendant, under which he was lawful to be charged, was genuine.

Let the judgment be reversed and the cause remanded.